HON. RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARA MAY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HONEYWELL INTERNATIONAL, INC., a foreign corporation; and METLIFE, INC., d/b/a and/or a/k/a METROPOLITAN LIFE INSURANCE COMPANY, a foreign corporation,<br><br>　　　　Defendants. | No. CV05-1957 RSM<br><br>MOTION TO COMPEL RESPONSE TO DISCOVERY<br><br>**Noted for Consideration:**<br>**August 4, 2006** |

This motion arises out of defendant's refusal to respond substantively to an interrogatory. Defendant MetLife denied a claim for short-term disability benefits, relying in large part on the medical opinion of Dr. Dennis Gordan, who reviewed plaintiff Barbara May's medical records. Dr. Gordan - whom MetLife styles an "Independent Physician Consultant" - has reviewed medical records for MetLife 457 times in the past and earned substantial income for that work. Ms. May seeks discovery of the number of times Dr. Gordan has opined that a person is disabled and the number of times he has opined that a person is not disabled. MetLife refused to provide these numbers on two grounds: First, it states that "the literal answer is . . . zero," because Dr. Gordan does not determine whether a person is disabled, but rather opines as to a person's "functional abilities" and as to whether medical records "support functional restrictions and/or

MOTION TO COMPEL RESPONSE TO DISCOVERY - 1
[USDC WD WA NO. CV05-1957 RSM]

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

1  limitations." Second, MetLife contends that review of 457 documents would be overly
2  burdensome. No other objections to this request have been asserted.
3      Ms. May seeks a substantive answer to her interrogatory rather than a "literal" one. In
4  the alternative, plaintiff seeks review of Dr. Gordan's 457 prior opinions pursuant to Federal
5  Rule of Civil Procedure 33(d).

6      **I.    FACTUAL BACKGROUND**

7      Barbara May worked for defendant Honeywell for over 32 years, most recently as an
8  assembler. In 1990, Ms. May began experiencing pain in her back, legs, arms and neck. After a
9  decade of pain, she sought help from Dr. Richard Neiman, M.D., who diagnosed severe
10 fibromyalgia, multilevel degenerative disk and joint disease, and possible spinal stenosis. Her
11 condition worsened in the latter half of 2004. In January 2005 Dr. Neiman determined that
12 Ms. May was no longer able to work.
13     Ms. May applied for short-term disability benefits through Honeywell's Managed
14 Disability Program. MetLife, the administrator of the Short-Term Disability Benefits program,
15 denied that claim. Ms. May appealed that denial. Relying on a medical records review by
16 Dr. Gordan, MetLife denied her appeal on February 24, 2005. The letter denying Ms. May's
17 appeal sets forth the following standard for substantiating a disability:

18 > Disability is not determined solely by diagnosis, but is based on functional ability
19 > . . . . we must take into consideration current <u>restrictions and limitations</u> that are supported by clinical evidence that substantiates <u>an inability</u> to perform each of the essential functions of your own occupation in accordance with the Plan.
20 > * * * *
> On appeal you would have needed to provide clinical medical documentation
21 > supporting <u>functional limitations/ restrictions</u> of a severe nature that would have prevented you from working.

22
23 Declaration of Mel Crawford Ex. 1 at 2 (emphasis added). After a lengthy recitation of the
24 records review performed by Dr. Gordan, MetLife states: "The consultant [Dr. Gordan] noted

MOTION TO COMPEL RESPONSE TO DISCOVERY - 2
[USDC WD WA NO. CV05-1957 RSM]

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

that there was no objective information provided to support that you could not perform those activities of your occupation." *Id.* at 3; *see also* Ex. 2 (Dr. Gordan's report).

## II. PROCEDURAL BACKGROUND

In reviewing a disability benefit denial, courts may consider, and plaintiffs may discover, "the independence or neutrality of physicians or others whose medical opinions defendants relied upon in terminating plaintiff's disability benefits." *See e.g Medford v. MetLife Ins. Co.*, 244 F. Supp. 2d 1120, 1129 (D. Nev. 2003) (citing *Waggener v. Unum Life Ins.*, 238 F. Supp. 2d 1179 (S.D. Cal. 2002)). Plaintiff seeks to ascertain the independence or neutrality of Dr. Gordan, and therefore served MetLife with the following interrogatory on April 11, 2006:

> <u>INTERROGATORY NO. 1</u>: With respect to Dennis S. Gordan, M.D., please state:
>
> (a) the number of times since January 1, 2000, that you have asked Dr. Gordan to review medical records with respect to a beneficiary of a long-term or short-term disability plan;
>
> (b) the number of times Dr. Gordan has concluded and/or opined with respect to any such beneficiary that the person was disabled and/or entitled to benefits under the relevant plan;
>
> (c) the number of times Dr. Gordan has concluded and/or opined with respect to any such beneficiary that the person was not disabled and/or was not entitled to benefits under the relevant plan;
>
> (d) the total amount of all payments that you have made to Dr. Gordan for all work he performed at your request since January 1, 2000.

Crawford Decl. Ex. 3.

MetLife responded to part (a) by stating that Dr. Gordan had reviewed medical records for MetLife on 354 occasions in 2004, and 103 occasions in January and February 2005. Crawford Decl. Ex. 4. MetLife then responded to parts (b) and (c) by stating:

MOTION TO COMPEL RESPONSE TO DISCOVERY - 3
[USDC WD WA NO. CV05-1957 RSM]

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

> (b) and (c)    MetLife does not maintain this information or otherwise track Dr. Gordan's opinions. Making that determination would require MetLife to manually review the number of files stated above and is unduly burdensome.

*Id.* Counsel for plaintiff contested the claim that the burden of reviewing 457 documents was undue, but nevertheless offered to review redacted copies of Dr. Gordan's reports himself. Crawford Decl. Ex. 5. Defense counsel responded that she would discuss the matter with her client. Crawford Decl. Ex. 6. Twice more, plaintiff's counsel sought a substantive response to parts (b) and (c), finally stating that a motion to compel would be forthcoming. Crawford Decl. Ex. 7 and 8.

MetLife then supplemented its response:

> (b) and (c)    Zero. MetLife does not ask physician consultants to determine whether or not a claimant is disabled or entitled to benefits. Rather, physician consultants are asked to provide medical opinions. For example, in this case, Dr. Gordan was asked whether Ms. May's medical records "support functional restrictions and/or limitations from 1/7/05 and beyond" and was asked to "please offer an opinion of the employee's functional abilities." (See DEF 0143-0145). Accordingly, MetLife does not believe that Dr. Gordan has ever been asked or provided an opinion regarding whether a claimant was "disabled" as defined by the relevant plan or entitled to benefits under the relevant plan. Moreover, to precisely determine whether Dr. Gordan provided such opinions it would be unduly burdensome to determine the substance of opinions from 457 medical reviews. In order to do that, MetLife would have to manually review paper reports that were prepared for each of the 457 files that Dr. Gordan provided opinions for. Those reports are not maintained in an electronically searchable format. They are maintained as images of paper documents.

Crawford Decl. Ex. 9. The cover letter accompanying the supplemental response reiterated that "the literal answer to Interrogatory No. 1 (b) and (c) is zero." *Id.* at 2.

### III.    ARGUMENT

**A.    Assessment of "functional ability" is tantamount to determination of "disability"**

The information plaintiff seeks is clear and simple – how often does Dr. Gordan opine in MetLife's favor, and how often does he opine to the benefit of the employee. Although MetLife first objected only on the ground that this request was unduly burdensome, it later responded that

MOTION TO COMPEL RESPONSE TO DISCOVERY - 4
[USDC WD WA NO. CV05-1957 RSM]

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

1  Dr. Gordan has *never* rendered such an opinion because he only assesses "functional abilities" or
2  gives opinions regarding whether medical records "support functional restrictions and/or
3  limitations." That wordsmithing does not comport with the letter or spirit of FRCP 33.
4      "Functional abilities" and "functional restrictions and/or limitations" are phrases plainly
5  synonymous with "disability." MetLife used those very terms to explain to Ms. May how it
6  would determine if she was entitled to disability benefits. Crawford Decl. Ex. 1 at page 2.
7  While Dr. Gordan's reports may not have included "literal" use of the words "disabled" or "not
8  disabled", his opinions regarding claimants' "functional abilities" or "functional restrictions"
9  amount to the same.
10     The primary purpose of interrogatories is to ascertain facts and procure evidence, thereby
11 narrowing the number of issues for trial and promoting early settlement. *See e.g. Alamo Theatre*
12 *Co. v. Loew's, Inc.*, 22 F.R.D. 42, 45 (D. Ill. 1958). This purpose is thwarted when a responding
13 party avoids discovery by "stressing a hypertechnical interpretation of the interrogatory." *See*
14 *Ryan v. Board of Police Comm'rs*, 96 F.3d 1076, 1082 (8th Cir. 1996); *see also Anderson v.*
15 *Beatrice Foods Co.*, 127 F.R.D. 1, 5 (D. Mass. 1989).
16     Plaintiff asks this Court to compel MetLife to provide a real response to this abundantly
17 clear interrogatory, rather than the "literal" one given in its supplemental response.
18     B.   <u>Review of 457 documents is not unduly burdensome</u>
19     MetLife claims that it does not "maintain [] information [on disability findings] or
20 otherwise track Dr. Gordan's opinions." Yet it had no trouble ascertaining that Dr. Gordon
21 reviewed medical records for MetLife 457 times between 2004 and February 2005. Its only
22 objection to providing a tally of the number of times Dr. Gordan concluded that a person either
23 was or was not disabled is that the tally would be "unduly burdensome."
24

MOTION TO COMPEL RESPONSE TO DISCOVERY - 5
[USDC WD WA NO. CV05-1957 RSM]

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

Undue burden in discovery occurs where "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26 (b)(2)(iii). A party asserting undue burden as justification for refusing to answer an interrogatory must establish not only extraordinary hardship, but also that the "hardship is unreasonable in the light of the benefits to be secured from the discovery." *Snowden v. Connaught Laboratories, Inc.*, 137 F.R.D. 325, 333 (D. Kan. 1991) (quoting C. Wright and A. Miller, 8 Federal Practice and Procedure § 2214, p. 647-48 (1970)). The objecting party "must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence." *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 528-529 (D. Nev. 1997). Even where the responding party must go to some effort and expense to compile the information sought, an interrogatory is not unduly burdensome when what it seeks is particularly relevant. *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 256, 265 (N.D. Ill. 1979). Inefficient record-keeping is not an excuse for failure to respond to an interrogatory. *Fagan v. District of Columbia*, 136 F.R.D. 5, 7 (D.D.C. 1991).

Plaintiff seeks relevant information. She is entitled to assess Dr. Gordan's independence or neutrality, or lack thereof. It is hard to imagine that a company of MetLife's size and resources would be unduly burdened by having to review 457 documents. MetLife does not claim that it would be too expensive to review the records. Nor does MetLife claim that it would have to review a much larger group of files to determine which records Dr. Gordan reviewed – those files were apparently readily identifiable. MetLife merely claims that because the documents are not word-searchable, it should not be expected to "manually review"

MOTION TO COMPEL RESPONSE TO DISCOVERY - 6
[USDC WD WA NO. CV05-1957 RSM]

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

Dr. Gordan's reports to determine his conclusions. Finally, any burden MetLife may claim exists can easily be lifted by plaintiff's offer to review redacted versions of the documents, as permitted under Federal Rule of Civil Procedure 33(d).

## IV. CONCLUSION

Plaintiff respectfully requests an order compelling MetLife to substantively respond to plaintiff's interrogatory within the letter and spirit of the discovery rules. In the alternative, plaintiff seeks an order compelling MetLife to make Dr. Gordan's 457 medical records reviews available for inspection, so that plaintiff may compile the information for herself.

DATED this 20 day of July, 2006.

MacDONALD HOAGUE & BAYLESS

By_____
Melton L. Crawford, WSBA #22930
Joseph R. Shaeffer, WSBA #33273
Attorneys for Plaintiffs

MOTION TO COMPEL RESPONSE TO DISCOVERY - 7
[USDC WD WA NO. CV05-1957 RSM]

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2006, I had electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the below listed attorneys:

Medora A. Marisseau, WSBA #23114
Email:  medora.marisseau@bullivant.com
Heidi E. Alessi, WSBA #31596
Email:  heidi.alessi@bullivant.com
Bullivant Houser Bailey PC
1601 Fifth Avenue, Suite 2300
Seattle, WA  98101
Attorneys for Defendants
Tel:  (206) 292-8930
Fax: (206) 386-5130

          /s/ Mel Crawford
Melton L. Crawford, WSBA #22930
Attorneys for Plaintiff
MacDonald Hoague & Bayless
705 2nd Ave #1500
Seattle, WA 98104
Tel: 206-622-1604
Fx:  206-343-3961
Email melc@mhb.com

MOTION TO COMPEL RESPONSE TO DISCOVERY - 8
[USDC WD WA NO. CV05-1957 RSM]

MacDONALD HOAGUE & BAYLESS
1500 HOGE BUILDING
705 SECOND AVENUE
SEATTLE, WASHINGTON 98104-1745
(206) 622-1604
FAX: (206) 343-3961