FILED

AUG 17 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARBARA MAY,<br><br>   Plaintiff - Appellant,<br><br>  v.<br><br>HONEYWELL INTERNATIONAL, INC., a foreign corporation; METLIFE INC., a foreign corporation doing business as Metropolitan Life Insurance Company,<br><br>   Defendants - Appellees. | No. 07-35480<br><br>D.C. No. CV-05-01957-RSM<br><br><br>AMENDED MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Argued and Submitted October 24, 2008
Seattle, Washington

Before: RYMER and FISHER, Circuit Judges, and HURLEY, District Judge.**

Barbara May ("May") appeals from the district court's grant of summary

judgment in favor of appellees Honeywell International, Inc. ("Honeywell") and

---

  *This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  **The Honorable Denis R. Hurley, Senior United States District Judge for the Eastern District of New York, sitting by designation.

Metropolitan Life Insurance Company ("MetLife") on claims for breach of contract and violations of the Washington Wage Act, Washington Consumer Protection Act, Washington discrimination law and ERISA.

1. Breach of Contract

May argues that Honeywell breached its contractual obligation to pay her short-term disability ("STD") benefits in accordance with the company's STD benefits program. Under Washington law, a contract is formed where there is an objective manifestation of mutual assent to the contract. *See Keystone Land & Dev. v. Xerox Corp.*, 94 P.3d 945, 949 (Wash. 2004). Honeywell expressed such an assent in its clear statements describing the disability program's benefits and procedures in the STD benefit plan. *See Thompson v. St. Regis Paper Co.*, 685 P.2d 1081, 1087 (Wash. 1984).

Washington courts have also held that an employer who "creates an atmosphere of . . . fair treatment with promises *of specific treatment in specific situations* and an employee is induced thereby to remain on the job and not actively seek other employment, those promises are enforceable components of the employment relationship." *Id.* at 1088(emphasis in original). The STD benefit plan is just such a specific promise that, as Honeywell concedes, remained in effect when May filed her benefit claim.

Although Honeywell's disclaimer of a binding contract may well have reserved its right to withdraw or modify the STD plan, *see id.*, it could not do so once May had applied for benefits, and we do not understand Honeywell to contend otherwise. Thus May was entitled to the treatment that Honeywell specifically promised, that is, to process her claim in accordance with the STD program under which MetLife was given the discretion to determine May's eligibility according to the program's requirements and procedures.

A contract must also be supported by consideration. *See Keystone*, 94 P.3d at 949. Continued employment does not always satisfy the contractual requirement of consideration, *see, e.g.*, *Roberts v. Atlantic Richfield Co.*, 568 P.2d 764 (Wash. 1977), but, as *Thompson* explicitly recognized, 685 P.2d at 1088, where a promise of a benefit induces an employee to remain on the job, that is sufficient to make the promise enforceable. By way of analogy, Washington courts have held that where an employee knows of a pension plan and continues to work for her employer, her continued work is consideration for that pension plan. *See Jacoby v. Grays Harbor Chair & Mfg. Co.*, 468 P.2d 666, 669 (Wash. 1970); *Dorward v. ILWU-PMA Pension Plan*, 452 P.2d 258, 261 (Wash. 1969). May's ongoing work for Honeywell was sufficient consideration in exchange for the STD benefit plan.

We reverse the district court's grant of summary judgment on May's breach of contract claim and hold that Honeywell owed a contractual duty to May to apply the STD program in compliance with the requirements and procedures outlined in the materials provided to her. We remand for a determination of whether MetLife, as Honeywell's agent, complied in the exercise of its discretion in determining whether May was disabled and eligible for STD benefits.

2. <u>Wages</u>

If May is contractually entitled to STD benefits, there is a question whether the benefits would constitute wages and thus be protected by the Washington Wage Act. WASH. REV. CODE §§ 49.48.030, 49.52.050 & 49.52.070. Whether the benefits constitute wages turns upon whether they are a contingent or a vested interest. If the benefits are contingent, such as unused sick leave, they are not wages. *See Teamsters v. Northwest Beverages, Inc.*, 976 P.2d 1262 (Wash. Ct. App. 1999) (holding that the Washington law "does not define 'wages' to include the cash value of contingent benefits such as the right to sick leave," after finding that sick leave as provided by Northwest Beverages was not vested compensation). If, however, the benefits are vested interests, they would be treated as wages. *See Naches Valley Sch. Dist. v. Cruzen*, 775 P.2d 960 (Wash. Ct. App. 1989) (holding that a sick leave cashout provision vested employees' interest in the sick leave

4

cashout and that the cashout represented wages). May does not seek the cash value of a contingent benefit, but claims entitlement to the STD program's payments that continue the salary of an employee who becomes disabled and which Honeywell would report as "wages" on her W-2 form. Should May qualify as disabled and entitled to STD benefits (either by MetLife's determination or by a reviewing court finding an abuse of discretion by MetLife in denying benefits), the benefits would be vested and treated as wages.

We thus reverse the district court's grant of summary judgment on the wage issue.

3. Consumer Protection Act ("CPA")

A violation of the CPA has five elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986). There are two methods of establishing the first element, the only one in dispute. First, if an act violates a statute defining an unfair or deceptive act in trade or business, it is a per se unfair trade practice. *See Henery v. Robinson*, 834 P.2d 1091, 1098 (Wash. Ct. App. 1992). Alternatively, if a per se unfair trade practice cannot be shown, an act is unfair or deceptive if it has the "capacity to deceive a

5

substantial portion of the public," a concept distinct from the third element of public interest impact. *Id.*; *see also Hangman*, 719 P.2d at 536-39.

First, May alleges that the disability benefits program constitutes insurance, and is therefore subject to the Washington Insurance Code, violations of which are per se unfair or deceptive acts under the CPA. *See* WASH. REV. CODE § 48.30.010(1) (prohibiting persons in the business of insurance from engaging in unfair or deceptive acts or practices); WASH. ADMIN. CODE 284-30-330 (defining unfair or deceptive acts or practices in insurance); *see also Hayden v. Mutual of Enumclaw Ins. Co.*, 1 P.3d 1167, 1171 (Wash. 2000). In-house programs are not insurance. *See Hepler v. CBS, Inc.*, 696 P.2d 596, 601 n.2 (Wash. Ct. App. 1985) ("Given the fact the long-term disability plan is an in-house program for the sole benefit of CBS employees, CBS cannot reasonably be perceived as being in the insurance business within the meaning of RCW 48.01.050. Therefore, the provisions of the insurance code are inapplicable."). Honeywell and MetLife have therefore not committed a per se unfair practice. Second, there is no evidence that Honeywell and MetLife have engaged in practices with respect to Honeywell employees that have "a capacity to deceive a substantial portion of the public." *Henery*, 834 P.2d at 1098. The district court therefore properly granted summary

judgment on May's CPA claim because she failed to show that Honeywell and MetLife committed an unfair or deceptive act or practice.

    4. <u>Discrimination</u>

Under Washington law, there are two types of discrimination claims: disparate treatment and failure to accommodate. *See Delaplaine v. United Airlines, Inc.*, 518 F. Supp. 2d 1275, 1276-77 (W.D. Wash. 2007). May did not raise a colorable disparate treatment claim, because discrimination between different types of disabilities does not constitute disparate treatment. *See Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1116-18 (9th Cir. 2000).

To prove failure to accommodate, a claimant must be qualified to perform the essential functions of her job, which Honeywell argues that May herself stated she was unable to do. *See Hill v. BCTI Income Fund-I*, 23 P.3d 440, 452-53 (Wash. 2001). For example, Honeywell cites a February 7, 2005 letter from May that reads, "There is absolutely no way that I am able to work and deal with the extreme pain that I am dealing with on a daily basis." The letter, however, subsequently discusses her ongoing treatment, including acupuncture and consulting with a back surgeon. It is a reasonable interpretation of the correspondence between May and Honeywell that although she was incapable of working at that time, she was investigating future treatment options in the hopes of

7

coming back to work.  In such a case, a leave of absence to seek treatment in order to allow return to work would be an accommodation of disability.  *See Kimbro v. Atlantic Richfield Co.*, 889 F.2d 869, 878-79 (9th Cir. 1989).  We therefore reverse summary judgment as to May's failure to accommodate discrimination claim, because there is a genuine issue of material fact as to whether Honeywell failed to accommodate her disability by granting her a leave of absence with attendant STD benefits.

    5. ERISA

May asserted one claim under § 510 of ERISA, 29 U.S.C. § 1140, rather than under § 502(a), which provides the exclusive remedy.  *See Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 144 (1990).  May failed to correct this error in any of her pleadings, so the district court properly granted summary judgment dismissing the § 510 claim.

May also asserted a separate claim under § 502(a)(1)(A).  May argues that the district court improperly granted summary judgment based upon its earlier refusal to grant May's motion to strike Honeywell's affirmative defense that May had failed to exhaust administrative remedies.  May, however, did not present any new evidence in response to Honeywell's summary judgment motion, so the

district court properly granted the motion based upon the evidence already presented.

6. Conclusion

The judgment of the district court is affirmed in part and reversed in part. The case is remanded as to May's breach of contract, Washington Wage Act and failure to accommodate discrimination claims. Costs on appeal shall be paid by appellees.

**AFFIRMED IN PART; REVERSED IN PART and REMANDED.**